Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000026
29-MAR-2019
08:41 AM

NO. CAAP-16-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-RM5, Plaintiff-Appellee, v. JOSEPHINE LAPITEN DAGA, Defendant-Appellee, and RUSSELL BANTANGAN RUMBAWA; GINA MARIA SON ELMER, Defendants-Appellants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR RESMAE MORTGAGE CORPORATION; DEPARTMENT OF TAXATION - STATE OF HAWAI'I, Defendants-Appellees, and JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20, DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1114)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendants-Appellants, Russell Bantangan Rumbawa (Rumbawa) and Gina Maria Son Elmer (Elmer) (collectively Defendants) appeal from the December 16, 2015 Circuit Court of the First Circuit (Circuit Court)[1] "Order Denying [Defendants'] [Hawai'i Rules of Civil Procedure (HRCP) Rule] 60(b)(4) Motion for Relief from the: (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment [(MSJ

---

[1] The Honorable Bert I. Ayabe presided.

Order)], Filed October 17, 2013; and (2) Judgment Filed October 17, 2013 [(Judgment)]" (Rule 60(b)(4) Order).[2]

On appeal, Defendants contend the Circuit Court erred by denying the July 28, 2015 "[Defendants'] HRCP Rule 60(b)(4) Motion for Relief From the (1) [MSJ Order]; and (2) Judgment" (Rule 60(b)(4) Motion) because the Circuit Court lacked subject matter jurisdiction where the mortgage held by U.S. Bank had previously been declared void by the Land Court of the State of Hawai'i (Land Court).

After careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments made by the parties we resolve Defendants' appeal as follows and affirm.

Defendants contend that the Circuit Court erred in denying the Rule 60(b)(4) Motion because the mortgage was previously held void by the Land Court. Specifically, they argue that the doctrine of *res judicata* deprived the Circuit Court of subject matter jurisdiction necessary to foreclose on the subject mortgage.

HRCP Rule 60(b)(4) applies only where the trial court "lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 434, 16 P.3d 827, 839 (App. 2000) (citation omitted). However, *res judicata* is an affirmative defense, which is waivable if not

___

[2] Defendants purport to be appealing from the (1) "Findings of Fact, Conclusions of Law and Order Granting Plaintiff U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-RM5's [(US Bank)] Motion for Summary Judgment For Foreclosure Against All Defendants and For Interlocutory Decree of Foreclosure Filed on 04/09/2013" (Order), and (2) Judgment, both filed on October 17, 2013. However, Defendants did not file their January 14, 2016 Notice of Appeal within thirty days after entry of this order and judgment as required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.") Therefore, this court lacks jurisdiction to review the October 17, 2013 Order and Judgment. However, Defendants' January 14, 2016 Notice of Appeal was filed within thirty days of the Rule 60(b)(4) Order and we therefore review this order only.

properly raised.  See HRCP Rule 8(c); State ex rel. Office of Consumer Protection v. Honolulu Univ. of Arts, Sciences & Humanities, 110 Hawai'i 504, 516, 135 P.3d 113, 125 (2006).  An assertion of a res judicata defense does not deprive a trial court of subject matter jurisdiction over a case.  Thus, the prior entry of an order or decree by the Land Court declaring the subject mortgage to be void would not have divested the Circuit Court of jurisdiction over the underlying foreclosure proceeding; it could have been raised as an affirmative defense.  However, the purported res judicata effect of a Land Court order was not raised as an affirmative defense prior to the entry of the foreclosure decree and was therefore waived.  For these reasons, the Circuit Court did not err in denying the Rule 60(b)(4) motion.

Moreover, Defendants were also barred from asserting res judicata based on the Land Court's order for the first time in their Rule 60(b)(4) Motion and likewise from pursuing this argument in their appeal from the same.  In Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17-18, 304 P.3d 1192, 1198-99 (2013), the Hawai'i Supreme Court held that the doctrine of res judicata precluded foreclosure defendants from raising defenses in their HRPP Rule 60(b)(4) motion that could have been raised in the earlier foreclosure proceedings, even if the res judicata defense was impliedly waived.  See also Bank of Am., N.A. v. Panzo, 139 Hawai'i 427, 391 P.3d 1249, CAAP-15-0000660, 2017 WL 1194002 at *1 (App. Mar. 31, 2017) (SDO).

Here, Defendants' failure to appeal from the MSJ Order and Judgment preclude them from raising issues that could have been raised before or at the entry of foreclosure.  Id.  Thus, the issue is whether the arguments made before the Circuit Court on the Rule 60(b)(4) Motion could have been made at summary judgment.

On August 14, 2006, Tom T. Honma, also known as Tsuneo T. Honma (Tom), on behalf of the Lizo Honma Trust, conveyed the subject property, located at 99-860 Hālawa Drive, 'Aiea, Hi 96701 (Property), to Josefina Lapiten Daga (Daga) by

Warranty Deed T-3472785 (Honma-Daga Deed) recorded August 25, 2006. On August 10, 2006, Daga executed a Balloon Note in favor of ResMAE Mortgage Corporation in the amount of $600,000.00 for the purchase of the Property, which at some point was endorsed in blank by ResMAE. On August 14, 2006, Daga executed a mortgage on the Property with ResMAE Mortgage Corporation acting as the lender, and recorded on August 25, 2006. On May 29, 2008, Daga executed a Quitclaim Deed T-3924220 granting fifty percent to Rumbawa, forty nine percent to Elmer, and one percent to herself, and recorded it on December 15, 2009. On June 22, 2010, by LCO 183320 (Second LCO), the Land Court ordered that the deed transferring the subject property to Daga was void and title was vested in the Lizo Honma Trust "free and clear of the mortgages recorded as Land Court Document Nos. 3472786 and 3472787." The Certificate of Service for the Second LCO shows it was mailed to Daga at the Property.

The Complaint for Mortgage Foreclosure in this case was filed on April 23, 2012 and served on Defendants and Daga through their relative, Victoria Rumbawa, at the Property. Defendant Rumbawa moved for relief from default and moved to dismiss the complaint, but did not assert that the note and mortgage was void due to the Land Court's order. Notice of the June 26, 2013 hearing on US Bank's MSJ Motion was served on Daga and Defendants, and Rumbawa attended, but he did not raise the issue. On or about August 15, 2013, US Bank served its proposed findings of fact, conclusions of law, and order upon the Defendants, but no response appears in the record. Thereafter, on October 17, 2013, the MSJ Order was filed and neither Daga nor the Defendants appealed from the order. Therefore, under Wise and Panzo, because Defendants failed to raise their defense at the time the foreclosure judgment was entered by the Circuit Court, res judicata applied to prevent the assertion of the argument made in their Rule 60(b)(4) Motion. Consequently, the

4

Circuit Court did not abuse its discretion in denying the Rule 60(b)(4) Motion.[3]

For the foregoing reasons, the December 16, 2015 Circuit Court of the First Circuit's "Order Denying Defendants Russell Rumbawa and Gina Elmer's HRCP 60(b)(4) Motion for Relief From the:  (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion For Summary Judgment, Filed October 17,2013; and (2) Judgment Filed October 17, 2013" is affirmed.

DATED:  Honolulu, Hawai'i, March 29, 2019.

On the briefs:

Gary V. Dubin,
Richard T. Forrester,
for Defendants-Appellants.

Peter T. Stone,
Daisy Lynn B. Hartsfield,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3]     In any event, it appears that, on August 16, 2010, before the Complaint for Foreclosure was filed in this case, the Land Court orally rescinded its order invalidating the Honma-Daga deed:

> THE COURT: And I had issued an order invalidating that deed from Tom Honma to Josefina Daga, and so I think I made a mistake in invalidating that because I thought it was a different transaction, but it seems that the deed from Tom Honma to Josefina Daga is a legitimate one, and this court did not intend to set that aside or invalidate that.
>
> . . . .
>
> THE COURT: So what I'm doing today is to strike or set aside my order invalidating the deed to Ms. Daga.

It appears that no order memorializing the Land Court's decision was filed.  A further hearing, set *sua sponte* by the Land Court, was held on June 8, 2015, at which counsel for the Defendants and Daga was present, where the fact that an order memorializing the Land Court's rescission of its order voiding the Honma-Daga Deed had not yet been filed, was discussed.  Although counsel argued that had his clients been "invited" to the 2010 proceedings "then we would have made sure that five years didn't pass before that order was signed[,]" it appears from the record that Daga received service of the Land Court's order invalidating her deed in 2010, yet it does not appear on this record that she took action in the Land Court until her counsel appeared in 2015.

5